*418 The opinion of the court was delivered by
Williams, Ch. J.
It appears by the case that the evidence introduced tended to prove incontestably the property in plaintiff, tpat tpe coat was procured for the use of Asa Riford, who had permission to wear it until called for. He had no authority or permission to sell or exchange it. When he did sell he was liable to the plaintiff. Any one to whom _ he sold would also be liable to jhe plaintiff if be either used it as his own or refused to deliver it on demand.
The defendant, however, contended that the jury were at liberty to infer a gift to Asa of the coat, and so requested the court to change the jury. If the jury were at liberty to draw this inference, still it would be no error, because the court refused to tell them so. If the jury, from the evidence, could come to such a conclusion, it was an inference of fact for them to make. Unless, then, the court bad Void them, they were not at liberty to draw such an inference, when it was a proper subject for their consideration, it would be no error in the court. -It is is optional with the court, whether to charge the jury on the facts in evidence or not. The jury may disbelieve the testimony given; they, may draw inferences from the testimony already in. They are usually reminded of their right tn'd powers in this particular by the counsel. But the court are undsr no obligation to back up the argument of the counsel and instruct the jury that they may reject the testimony, or draw any rempte inferences which are urged upon them by counsel. In this case the facts in evidence would not warrant any such inference as is claimed by the defendant. The jury', from the testimony' as detailed, could not, with any propriety, have founded a verdict on a supposed gift cf the coat. So far from their being required so to presume a gift, it would have been rather the duty of the court to have returned the jiry to a second consideration, if they had found any such gift.
In relation to the conversion, the evidence was equally conclusive. The defendant bought the coat of one who had no right to sell, — used it as his own, — wore it, and claimed to be the owner of it. ¿This was a conversion according to all the authorities, however innocently be may have purchased it, or however much reason he may have had to suppose it to be his. In most cases of conversion the defendant claims a right, or supposes he has a right; and it is never made to depend on the fairness of his intentions, or what be may suppose as to his right. As here was an actual conversion, no demand was necessary to enable the plaintiff to main *419 tain this action. The question which has been raised in relation to the demand it is unnecessary to consider, as none was necessary. We are all of opinion that the defendant was not entitled to the charge requested,-^-and. the judgment of the county court must be affirmed. ^ \/