Courtis *v.* Cane et al.

STACY COURTIS *v.* MARCUS CANE and WILLIAM CANE.

*Trover.*

If one, in good faith, purchase and subsequently sell stolen goods, he is liable
in trover to the owner without a demand and refusal.

TROVER for a quantity of dress silk goods. Plea not guilty
and trial by jury at the March Term, 1859,—BARRETT, J.,
presiding.

The plaintiff gave evidence tending to show that his store in
Boston, Massachusetts, was broken open on the night of Novem-
ber 22d, 1855, and that a large quantity of dress silks belonging
to him were stolen therefrom, and that the defendants, who were
merchants and partners trading in silks and other fancy goods, in
the city of New York, and at the same time engaged in peddling in
Vermont, about the first of March, 1856, sold at Waterbury,
in this State, some of the silks which had been stolen from the
plaintiff's store, as above mentioned, and which were described
in the plaintiff's declaration.

The defendants introduced evidence tending to show that they
purchased the silks in question, together with many other goods
of similar description, of Strauss & Son, merchants, in New
York on the 11th of January, 1856.

No evidence was introduced to show that the defendants had
any of the goods in question in their possession at the time of
the commencement of this suit, or that any demand of them was
made by the plaintiff upon the defendants before the suit was
brought.

The county court, among other things not excepted to, charged
the jury that if they found that the goods in question were stolen
from the plaintiff's store, as his evidence tended to prove, and
that he had not otherwise parted with them, and that the defend-
ants had sold them, the plaintiff was entitled to recover their
value without regard to the fact whether the defendants purchased
them in good faith of Strauss & Son or not, and notwithstanding
the plaintiff had not proved a demand upon and refusal by the
defendants to deliver the goods prior to the commencement of this
suit.

The defendants excepted to this part of the charge of the court, and the jury returned a verdict for the plaintiff.

*Peck & Colby*, for the defendants.

*Dillingham & Durant*, for the plaintiff.

POLAND, J. The jury have found that the goods for which the suit was brought were stolen from the plaintiff, and that he never parted with his property in them. The defendants claim that they purchased them honestly of Strauss & Son in New York. If this were so, the defendants gained no title by the purchase, because Strauss & Son could convey none; the sole title was in the plaintiff. The thief, whoever he might be, could convey no title because he had none, and the same difficulty would continue to exist in all subsequent sales of the property, deriving title from this source. An honest purchaser could not be charged criminally because innocent of any criminal intent; but the real owner may avail himself of all civil remedies provided by law for the protection of property.

The law is settled beyond all question by repeated cases to this extent, and has been carried much beyond it in very many. In *Stanley* v. *Gaylord*, 1 Cush. 536, it was decided that if the bailor of a chattel, who has no authority as against the bailor to retain or dispose of it, mortgage it as a security for his own debt, and the mortgagee take possession under the mortgage, the bailor may maintain an action of trespass therefor against him without a previous demand. The opinion of the court was delivered by METCALF, J., who made a very careful and elaborate examination of all the authorities and cases where the rights of purchasers from vendors who had no right to sell, and the rights and remedies of the real owners of the property have been considered. WILDE, J., dissented, but only upon the ground that as the defendant, who had not disposed of the property, derived his title honestly from one lawfully in possession, the plaintiff could not maintain trespass, but only an action of trover, after a demand and refusal. *Hyde* v. *Noble*, 13 N. H. 494, was very similar in its circumstances to the case in Cushing, but the action was trover, and it was held maintainable without any demand upon the defendant.

Thayer & Co. *v.* Ballou.

In *Hoffman* v. *Carew*, 20 Wend. 21 and 22 Wend. 285, it was decided that an auctioneer to whom stolen goods were forwarded by the thief for sale, and who sold them and paid the proceeds to the thief, without notice of the theft, was liable to the owner in trover without demand and refusal.

The soundness of this last decision is conceded not only by the majority of the court, in the case in Cushing, but fully acceded to by Wilde, J., in his dissenting opinion. Probably no case can be found to conflict with it, and the charge in the present case was entirely in harmony with the law on the subject.

No demand was necessary, because the sale of the goods by the defendants was an actual conversion, and where there has been an actual conversion by the defendant, a demand is never necessary.*

It is only where no actual conversion has been made by the defendant of the property, that it is necessary to make a demand, and that for the purpose of furnishing evidence of a conversion. See cases above cited and also *Riford* v. *Montgomery*, 7 Vt. 411 ; *Grant* v. *King et al.*, 14 Vt. 367.

Judgment affirmed.

---

* Note.—Independently of the sale of the goods by the defendants, it seems that the mere purchase and receipt of them from Strauss & Son amounted to a conversion. 1 Chitty's Plead. 154; *Baldwin* v. *Cole*, 6 Mod. 212; *McCombie* v. *Davis*, 6 East 538; *Bristol* v. *Burt*, 7 Johns. 254; *Hyde* v. *Noble*, 13 N. H. 494; *Stanley* v. *Gaylord*, 1 Cush. 547.—Reporter.