WARREN K GILMORE *vs.* HEMAN NEWTON.

Purchasing a horse in good faith from one who had no right to sell him, and subsequently exercising dominion over him by letting him to another person, will amount to a conversion; and no demand by the owner is necessary before commencing an action therefor.

TORT for the conversion of a horse.

At the trial in the superior court, before *Putnam*, J., there was evidence tending to show that the plaintiff, being the owner of the horse in question, let him to one Barrows, who subsequently exchanged him with the defendant for another horse, and that the defendant afterwards let him to a person who ran away with him, and neither the person nor the horse has since been heard of. The defendant supposed his title to the horse to be perfect; and no demand was made by the plaintiff before commencing this action.

The jury returned a verdict for the plaintiff, under instructions authorizing them to do so; and the defendant alleged exceptions.

*W. Colburn*, for the defendant.

*F. D. Ely*, for the plaintiff.

METCALF, J. We cannot sustain these exceptions. The authorities are decisive that the defendant converted to his own use the plaintiff's horse by taking an assignment and possession of him from a person who had no authority to dispose of him, and subsequently exercising dominion over him. *Stanley* v. *Gaylord*, 1 Cush. 546, and cases there cited. *Riley* v. *Boston Water Power Co.* 11 Cush. 11. *Williams* v. *Merle*, 11 Wend. 80. *Riford* v. *Montgomery*, 7 Verm. 418. *Courtis* v. *Cane*, 32 Verm. 232. In *McCombie* v. *Davies*, 6 East, 540, Lord Ellenborough said: "According to Lord Holt, in *Baldwin* v. *Cole*, 6 Mod. 212, the very assuming to one's self the property and right of disposing of another man's goods is a conversion; and certainly a man is guilty of a conversion who takes my property by assignment from another who has no authority to dispose of it."

The defendant admits that although he had no notice that the

horse was stolen, yet he acquired no title to him. But he objects to the maintenance of this action, because no demand of a delivery of the horse to the plaintiff was made and refused before the action was commenced. And he cites among other books, 2 Greenl. Ev. § 642, where it is said that " a mere purchase of goods, in good faith, from one who had no right to sell them, is not a conversion of them against the lawful owner, until his title has been made known and resisted." This position, though not supported by the cases referred to by Mr. Greenleaf, may be sustained by other cases. And not only are there decisions that " a mere purchase " of property, without taking possession of it, is not a conversion of it, but also decisions that a purchase, receiving a pledge, or other bailment, &c., of property from one who had no right to dispose of it, and taking possession thereof, without any further act of dominion over it, does not always constitute a conversion of it. But we need not discuss this class of cases, for no one of them sustains the defendant's objection ; for his is a case not only of receiving an assignment and taking possession of the horse, but also of afterwards exercising dominion over him by bailing him to a third person. See 3 Met. 6 ; 37 Maine, 292 ; 6 El. & Bl. 41.

Demand and refusal are never necessary as evidence of conversion, except when the other acts of the defendant are not sufficient to prove it ; nor are they evidence of it when, as in this case, it was not in the power of the defendant to deliver the property when demanded. Besides ; after property has been converted, a delivery of it to the owner, on demand by him, will not bar or defeat an action for the conversion, but will only mitigate damages. A demand on the defendant for the horse was therefore needless for the plaintiff, and would have been useless to the defendant.          *Exceptions overruled.*