JOHN McPARTLAND *vs.* ELIJAH R. READ & another.

If mortgaged personal property is delivered to and kept by an agent of the mortgagee, this is equivalent to a delivery to and possession by the mortgagee himself.

A tortious taking of chattels with intent to apply them to the use of the taker or some other person than the owner is a conversion.

One who is present at a tortious taking of chattels, directing and assisting therein, is liable for a conversion, although he acted as agent for a third person.

TORT to recover for the conversion of certain articles of household furniture.

At the trial in the superior court, before *Putnam*, J., it appeared that, on the 9th of December 1863 Samuel B. Cook executed and delivered a mortgage of the articles in controversy to the plaintiff, and to avoid the necessity of recording the mortgage it was proposed by Cook to put the furniture in one room of the house in which he lived, and lock the door, and deliver the key to William D. Whiting, who owned the house, that he might keep possession of the mortgaged property till Cook should pay to the plaintiff the debt secured by the mortgage. This being assented to was accordingly done; and Cook shortly afterwards moved from the house, and the key of the house was also delivered to Whiting. After this had been done, and before the mortgage had been recorded, the furniture was attached by the defendant Read, who was a deputy sheriff, on a writ against Cook, and was subsequently sold by him on the execution which was obtained in the suit. The other defendant, Foque, acted as the agent of the attaching creditor, in directing and assisting in the attachment. The plaintiff made a due demand on Read for the amount due to him and secured by his mortgage.

Whiting was called as a witness, and testified that Cook wished to put the furniture into his hands in order that the mortgage need not be recorded; that he was to keep it for the plaintiff till Cook paid the debt, and in case Cook paid the debt then the furniture was to be redelivered to him. Read testified that Foque went with him and pointed out the property to him and directed him to attach it, which he did.

The defendant requested the court to instruct the jury that upon the facts and testimony the plaintiff was not entitled to recover, and that there was no such delivery of the goods to the plaintiff and retention of them by him as would entitle him to recover; and that there was no sufficient evidence that Foque took the property and converted it to his own use.

The judge declined so to rule, and instructed the jury that if Whiting took and retained the possession at Cook's request as the plaintiff's agent for the plaintiff's sole benefit, it was sufficient; but if he acted as bailee simply, or as agent of both parties, and was not to deliver the goods to the plaintiff except upon some contingency, then he was not the plaintiff's sole agent, and there was no sufficient delivery and retaining of possession · and that if Foque went with Read, as agent of the attaching creditor, and pointed out the property and directed Read to attach it, and Read attached it at Foque's request and in his presence, Foque would be jointly liable with Read.

The jury returned a verdict for the plaintiff, against both defendants; and they alleged exceptions.

*J. Brown,* for the defendants, cited *Hewett* v. *Swift,* 3 Allen, 424; *Johnson* v. *Couillard,* 4 Allen, 446; *Woodbury* v. *Long* 8 Pick. 543; *Muggridge* v. *Eveleth,* 9 Met. 233; *Fairbank* v. *Phelps,* 22 Pick. 535; Gen. Sts. *c.* 151, § 1; *c.* 123, §§ 62, 63.

*C. I. Reed,* for the plaintiff.

BIGELOW, C. J.    These exceptions are groundless.    1. The evidence of delivery of the chattels included in the mortgage, and of the retention of possession of them by the mortgagee, was plenary.    Delivery to and possession by an agent are the same in legal effect as if made to and held by the principal. The agency was clearly proved.

2. So was the evidence of the conversion of the property. Every tortious taking with intent to apply chattels to the use of the taker or some other person than the owner is a conversion.

3. Both defendants were liable.    It was not necessary in order to charge them to show that each actually participated in seizing and removing the property.    It was sufficient to prove that both

were present, one inciting or directing the wrongful taking, and the other obeying the order and carrying it into effect. Both were principals in the conversion. *Exceptions overruled.*