RUSSELL B. TOWER *vs.* SAMUEL OLANSKI.

Suffolk. November 21, 1923. — February 28, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Conversion.*

At the trial of an action for conversion, there was evidence, in a signed statement made by the defendant to a detective agency and from his testimony and testimony of a confederate, warranting findings that the confederate was employed by a corporation; that the confederate wrapped up the goods alleged to have been converted in bundles in small lots without any order of the defendant and delivered them outside the store of the employer to the defendant, who paid him from $1 to $2 without examination or knowledge of what was in the bundle or bundles; and that the defendant used, sold or gave away the goods so delivered to him by the confederate. *Held*, that

(1) A finding was warranted that the defendant knew that his confederate was taking the goods of the employer in violation of law and was selling them wrongfully to the defendant;

(2) Upon the facts so found, a finding was warranted that the act of receiving and paying for the goods in aid of the unlawful conduct of the confederate was a conversion.

Assent, coöperation and aid by a third party to an employee in the unlawful sale or disposition of personal property of his employer is a conversion of the employer's property by the third party.

TORT for conversion of goods and merchandise of the alleged value of $600. Writ in the Municipal Court of the City of Boston dated September 17, 1921.

Evidence at the trial in the Municipal Court and material requests by the defendant for rulings are described in the opinion. There was a finding for the plaintiff in the sum of $600. The judge reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

The case was submitted on briefs.

*D. Flower,* for the defendant.

*W. Shuebruk & C. C. Gammons,* for the plaintiff.

PIERCE, J. This is an action of tort for the conversion of certain goods and merchandise of the plaintiff, to the value of $600. The case comes before this court on the appeal of the defendant from an order of the Appellate Division of the Municipal Court of the City of Boston. The defendant in his brief does not contend that the declaration is insufficient; or that at the hearing there was any failure to prove, if necessary, a demand on the defendant for the goods alleged to have been converted, and a refusal to deliver to the plaintiff such goods. We assume the proof or waiver of all preliminary matters of evidence or fact which otherwise might be required as a basis of the right to set this form of action in motion.

At the trial on the merits the defendant, before the final argument, made certain requests for rulings, which were denied. No one of them in terms is referred to in the defendant's brief but all of them have been considered as included in the first request that " On all the evidence the plaintiff cannot recover."

The evidence of the plaintiff warranted a finding that between July 19 and August 2, 1921, there was an unexplained loss of goods worth from $1,000 to $2,000 from the plaintiff's wholesale and jobbing stock " of human hair goods, hair nets, toilet goods, and sundries for the hair; "

that the plaintiff had about twenty persons in his employ; that among them was Alfred A. Edwards, a salesman, and Leonard J. Chaplik, a shipper who occasionally made sales.

The connection of the defendant with and his responsibility for the loss to the plaintiff of the goods alleged to have been taken, to the knowledge of the defendant, without right from the possession of the plaintiff, could be found from the signed statement of the defendant to the Pinkerton Detective Agency, from his testimony at the trial, and from the testimony of Leonard J. Chaplik. From these sources, succinctly stated, it could be found that the defendant, within the three years preceding August 8, 1921, received from one Chaplik while Chaplik was employed at the E. E. Tower and Company store about $100 worth of merchandise described as toilet water, hair tonic, face powder, cold creams, lip sticks, nail polish and hair nets; that these goods were delivered to the defendant outside the store of the plaintiff in small lots by Chaplik, whose practice, without any order of the defendant for goods, was to make up bundles of small articles from the plaintiff's store and take them to the defendant, from whom he immediately received from $1 to $2 without examination or knowledge of just what was in the bundle or bundles. And upon the testimony of the defendant it could be further found that the defendant used, sold and gave away the goods delivered to him by Chaplik. Upon the foregoing facts it could be further found that the defendant knew that Chaplik was taking the goods of the plaintiff in violation of law and was wrongfully selling them to him. In such case his act of receiving and paying for the goods in aid of the unlawful conduct of Chaplik was a conversion, without the further admitted fact that the defendant used, sold and gave the delivered goods away. *Stanley* v. *Gaylord*, 1 Cush. 536. *Riley* v. *Boston·Water Power Co.* 11 Cush. 11. *Heckle* v. *Lurvey*, 101 Mass. 344. *O'Brien* v. *McSherry*, 222 Mass. 147, 149.

As regards the transactions with Edwards, whereby the defendant received at the store of the plaintiff after business hours about $500 worth of goods of the kind alleged to have been unlawfully sold, it could be found upon consideration

of all the evidence and the circumstances recited that the defendant knew when the goods were delivered to him that Edwards, with his connivance, had sold such goods with the intention to retain the proceeds of the several sales to his own use.   Such assent, coöperation and aid to the unlawful sale or disposition of the plaintiff's property by Edwards is a conversion of such property by the defendant, as well as a conversion of it by Edwards.   *Banfield* v. *Whipple*, 10 Allen, 27.

` It follows that the entry " Report dismissed " of the Appellate Division is affirmed.

*So ordered.*