Carr, J.
There is evidence in this case, however slender, which warrants a finding for the plaintiff. It could have been found that the plaintiff had title to the goods and that the defendant converted them.
The evidence does not show how the defendant came into possession of the goods. If the goods were in the building when the defendant acquired title to the real estate, that alone would not prove conversion. Edinburgh v. Alien-Squires Co., 1938 A. S. 47 (12 N. E. 2nd 718).
There is evidence, however, that at some time the defendant took a conveyance of the goods from a supposed owner. Who the grantor was does not appear; apparently it was not the plaintiff. If the defendant took a bill of sale from one without right to convey and at the time or subsequently acquired possession of the goods, an act of dominion and consequent conversion might be found. Stanley v. Gaylord, 1 Cush. 536, Gilmore v. Newton, 9 Allen 171, Tower v. Olanski, 248 Mass. 162, 164, Cf. Bowers Conversion, See. 343 et seq.
*245 And even if the possession were obtained innocently, taking conveyance subsequently from one without right to convey would be some evidence of an exercise of dominion and warrant a finding of conversion.
We find no basis for the estoppel on which the judge based his finding for the defendant and his rejection of the plaintiff’s requests for rulings. There was none as to the defendant which in no way changed its position as a result of any misleading act of either Harden* or the plaintiff. Looney v. Trimount Theatre, Inc., 282 Hass. 275, 278. Nor could it be found that the corporation known as “239 Commonwealth Avenue, Inc.” acquired title by estoppel. This was a one-man corporation and the acts of Harden who controlled all its stock would be known to the corporation. Hathaway v. Jordan Marsh Co. 250922 (37 App. Div. 240) of this court.
And this is so whether or not it could be found in looking behind contract forms that the corporation was the true owner of the goods. Cf. Guaranty Security Corp. v. Eastern SS Co., 241 Mass. 120, 123, cf. Tripp v. National Shawmut Bank, 263 Mass. 505, 511.
The plaintiff’s sixth request should have been given: “There is evidence to warrant the Court to find for the plaintiff”. It is unnecessary to consider in detail the other requests of the plaintiff. Some, as stated or in some modified form, might have been given. The rest as will appear from the following discussion could not have been given.
The finding, however, should not be reversed by this Division. On re-trial the bill of sale to the defendant may be explained. As the case now stands, there is nothing else in it to warrant a finding for the plaintiff.
*246 The innocent acquisition of possession of goods as before stated would not warrant a finding of conversion. Edinburg v. Alien-Squires Co., 1938 A. S. 47 (supra).
The correspondence shows no assertion of title. Standing alone the words written by the defendant that it “claims title to the property in question under a bill of sale” might indicate such assertion. Bead in their context they have a very different meaning. The rest of the statement that the claim is “under a bill of sale from a supposed former owner” immediately shows that, the defendant has doubt about its title. It is explaining how it supposes it got title. The defendant further writes that it will get Mr. Schell who represented the supposed owner to see the plaintiff’s attorney and adjust the matter and asks the attorney to let the matter stand in abeyance until it learns the outcome. Far from asserting title, the letter suggests adjustment or perhaps return of the goods.
Even if demand is made, if the person holding the goods has a reasonable doubt as to whether the demanding person is entitled to the property, his refusal to give up until he has had reasonable opportunity to investigate does not put him in the wrong. Bowers Conversion, Sees. 377, 378, 379.
The correspondence, however, shows neither demand nor refusal. In the plaintiff’s letter he offers to sell or to remove the goods. The defendant seeks to investigate and to adjust and asks for time.
New Trial.

 Harden was the plaintiff’s assignor who had purchased the furniture in question and placed it in the building owned by the corporation. The mortgagee of the realty foreclosed and the defendant subsequently acquired title.