Gadsby, J.
This is an action of tort for conversion in which the plaintiff seeks to recover the sum of $361.98, claiming in its declaration that on or about May 12,1941, the defendant improperly endorsed a check made payable to his order to the Walter F. Livermore, Inc., which was to pay for a shipment of sewerage pipes, all of which had not been delivered.
It appeared that the plaintiff in March 1941 had a contract to deliver sewer pipes to the F'ederal Government on a WPA project in New Bedford. The plaintiff gave an order for the pipes to the defendant, on March 15, 1941, which' was accepted by the Walter F. Livermore, Inc. The defendant, was the agent of the Walter F. Livermore, Inc. and the contract was with the corporation.
The plaintiff gave the defendant a check for the entire price of the pipes, but the check was not to be endorsed to the corporation until delivery in full was made. After *12 there had been a partial delivery, the defendant, believing that there had been full delivery, endorsed the check to the corporation. This corporation was adjudicated bankrupt in 1942, and this, present action is brought against Walter F. Livermore, the individual, in order to recover the difference between the value of the pipes delivered and the amount of the check.
At the close of the trial and before the final arguments the plaintiff made the following requests for rulings of law:
1. That on all the evidence and the law the defendant converted to his own use $361.98 belonging to the plaintiff. Devlin vs. Houghton, 202 Mass. 75; Dow vs. Brookline Trust Co., 308 Mass. 90; Commonwealth vs. Moore, 166 Mass. 513. 2. That on all the evidence and the law the defendant converted to his own use property of the plaintiff to the value of $361.98. Chamberlain vs. Shaw, 35 Mass. (18 Pickering) 278; Geguzis vs. Brockton Standard Shoe Co., 291 Mass. 368; Crohon vs. Rudnick, 232 Mass. 555. 3. That on all the evidence and the law the plaintiff is entitled to a finding in its favor on its declaration in this case. Tower vs. Olanski, 248 Mass. 162. 4. That on all the evidence and the law the defendant improperly used or caused to be used the plaintiff’s check, an exhibit in this case. Blum Jr. vs. Whipple Co., 194 Mass. 253. 5. That on all the evidence and the law the plaintiff brought suit within a reasonable time from the date of conversion. Blum Jr. vs. Whipple, 194 Mass. 253. 6. That on all the evidence and the law the plaintiff is entitled to a finding in its favor. O’Brien vs. McSherry, 222 Mass. 147; Riley vs. Boston Water Co., 65 Mass. (11 Cushing) 11; Rathbun vs. Bird 158 Mass. 35 ; Gilmore vs. Newton, 91 Mass. (9 Allen) 171; Row vs. Home Savings Bank, 306 Mass. 522.
The Court denied plaintiff’s requests for rulings of law #l-2-3-4-and 6, but allowed plaintiff’s request .#5, and found for the defendant and filed a Memorandum of Decision.
*13 The trial judge in his memorandum of decision stated, “I find that the defendant did not convert any of the proceeds of the check to his own use. ’ ’ This indicates that the trial judge’s decision was evidently based on the belief that as long as the defendant did not benefit personally, that he should not be held liable for conversion.
However, the agent of a corporation is liable for a conversion as a result of his own acts. McPhartland v. Reed, 93 Mass. (11 Allen) 231; Geguzis v. Brockton Standard Shoe Co., 291 Mass. 368 at 371.
It is an elementary principle of law that if a party wrongfully assumes acts of dominion over the property of another such will constitutes conversion.
Every tortious taking with intent to apply chattels to the use of the taker or some other person than the owner is a conversion. McPhartland v. Reed, 93 Mass. (11 Allen) 231.
The defendant in the case at bar exercised dominion over the check which was given conditionally by the .plaintiff. The check was not to be endorsed until the plaintiff had received complete delivery of the goods.
The fact that the defendant in good faith believed that the delivery had been made is no justification. As the Court said in Row v. Home Savings Bank, 306 Mass. 522 at 525, “It is no defense to an action for conversion that a defendant who exercised dominion over the goods did so in good faith, reasonably being mistaken in thinking the facts to be such as would give him a legal right to the goods.” Higginson v. York, 5 Mass. 340; Robinson v. Bird, 158 Mass. 357 at 360. Orcutt v. Gast, 231 Mass. 305.
Neither does the exercise of due care excuse a conversion. Guttentag v. Huntley, 245 Mass. 212 at 215.
Nor is contributory negligence of the plaintiff any defense to an action for conversion. Varney v. Curtis, 213 *14 Mass. 309 at 312. Somerville National Bank v. Hornblower, 293 Mass. 363 at 369.
No demand was necessary because as the Court said in Lancaster v. Stanetsky, 221 Mass. 312 at 314, “And, if the defendant although acting in good faith thereafter exercised dominion over the plaintiff’s property, no demand was necessary before bringing an action for conversion.” See Greenall v. Hershun, 220 Mass. 278. Marcotte v. Mass. Security Corp., 250 Mass. 246 at 250. Lawyers Mortgage Investment Corp. v. Paramount Laundries, Inc., 287 Mass. 357. New England Road Machinery Co. v. Quincy Oil Co., 290 Mass. 242.
Furthermore, the defendant well might be regarded as a. bailee of the check and it is clear that delivery of property by a bailee to a person not authorized' by the owner is of itself a conversion, rendering the bailee liable without regard to the question of due care or negligence. Blaisdell v. Hershum & Co., Inc., 233 Mass. 91 at 95. Hall v. Boston & Worchester R. R., 14 Allen 439 at 443. Murray v. Postal Telegraph-Cable Co., 210 Mass. 185 at 195. Stevens v. Stewart-Warner Speedometer Corp., 223 Mass. 44.
The defendant did not comply with the conditions imposed on him when he endorsed the check. There had been no complete delivery of the pipes to the plaintiff. The fact that the defendant in good faith believed otherwise is immaterial. He exercised dominion over the property of the plaintiff inconsistent with its rights as owner. Such acts constituted a conversion. No demand was necessary. Therefore the trial judge erred in the denial of the plaintiff’s requests numbers 1, 2, 3 and 6, and judgment for the defendant is hereby vacated and a finding ordered for the plaintiff for the amount, of $361.98.