CHARLOTTE A. BAKER *vs.* GEORGE E. LOTHROP.

Suffolk.    November 16, 1891. — January 8, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Conversion — Demand.*

In an action for the conversion of certain fish tanks in the defendant's possession, owned by the plaintiff, there was evidence that the tanks were stored in the defendant's building without his knowledge or consent; that the defendant, as soon as he learned that they were there, unsuccessfully endeavored to have the plaintiff remove them, and then gave a bill of sale to a stranger of "all the property now in " the building, excepting certain specified articles not mentioning the tanks; and that at the time of the sale the defendant had in mind the tanks; but they were not in any way brought to the attention of the purchaser. *Held*, that there was evidence to warrant a finding that the defendant had converted the tanks. *Held, also,* that no demand by the plaintiff was necessary.

CONTRACT, with a count in tort, for the conversion of seven fish tanks. At the trial in the Superior Court, without a jury, before *Barker*, J., it appeared that the plaintiff, through the act of the defendant's servant, and without the knowledge of the defendant, caused the tanks to be placed in the defendant's place of amusement in Boston, called the World's Museum; that when the defendant learned that the tanks were there, he made several unsuccessful attempts to get the plaintiff to remove them, but they had not been removed when the defendant sold the World's Museum to one Austin, giving him a bill of sale of "all the property now in the World's Museum," excepting a piano and some trifling articles, but making no mention of the tanks; and that thereupon the defendant left the premises,

and since then had had nothing to do with them. Austin testified that he never saw the tanks, and had never had them called to his attention, nor had he ever made any claim to them specifically ; but that, speaking generally, he claimed to be entitled to whatever was in the World's Museum at the date of the bill of sale, and not excepted therein. The defendant introduced evidence that at the time of the sale he told Austin that he did not own and did not sell these tanks, and some other things ; but Austin testified that all the articles mentioned in the conversation and not to be sold were expressly excepted in the bill of sale.

The defendant asked the judge to rule that there was no evidence of a conversion by the defendant, and that upon the evidence the plaintiff could not recover. The judge refused so to rule, and ruled that upon the evidence the plaintiff was entitled to recover upon the count in tort, and on this count found for the plaintiff ; and the defendant alleged exceptions.

*J. M. Way*, for the defendant.

*W. R. Howland*, for the plaintiff.

LATHROP, J. Although the tanks in question had come into the possession of the defendant without his knowledge or consent, being put in his place of amusement, called the World's Museum, by his servant, yet it appears that, before he made the sale hereinafter mentioned, he knew they were there, and endeavored to have the plaintiff remove them. In this state of affairs he made a bill of sale to one Austin, in which the subject matter of the sale was described as " all the property now in the World's Museum."

The bill of sale excepted a piano and some trifling articles, and no specific mention was made of the tanks.

That the tanks were in the defendant's mind at the time of the sale is shown by the evidence, put in by himself, that at that time he told Austin that these tanks and some other things were there which he did not own and did not sell. Austin, however, testified that all of the articles mentioned in the talk as not to be sold were mentioned as excepted in the bill of sale.

If the tanks had been mentioned in the bill of sale as among the articles sold, it could not be contended that the evidence would not warrant the judge who tried the case without a jury in finding that the defendant intended to convert the tanks to

his own use. Although the description here was a general one, yet it was broad enough to cover the tanks, and, as we have seen, the subject matter of the tanks is shown to have been in the mind of the defendant at the time of the sale.

The evidence in the case, therefore, warranted the judge in finding for the plaintiff, on the ground that the defendant, having the plaintiff's goods in his possession, intentionally sold them as his own, and appropriated the proceeds to his own use. *Philbrook* v. *Eaton*, 134 Mass. 398.

Where there is a tortious taking or an actual conversion, no demand is necessary. *Hunt* v. *Holton*, 13 Pick. 216. *Pierce* v. *Benjamin*, 14 Pick. 356. *Thurston* v. *Blanchard*, 22 Pick. 18. As pointed out by Mr. Justice Devens, in *Edmunds* v. *Hill*, 133 Mass. 445, demand and refusal are never necessary, except as furnishing evidence of an unlawful conversion.

The defendant does not contend that the statement in the bill of exceptions that the judge "ruled that upon the evidence the plaintiff was entitled to recover upon the count in tort, and on this count found for the plaintiff," when taken in connection with the request for instructions, is to be construed as meaning more than a ruling that the evidence would warrant such a finding as was made; and we need not, therefore, consider the precise meaning of the language used.

*Exceptions overruled.*