FRANK E. ORCUTT vs. PAUL R. GAST.

Suffolk.    October 17, 1918. — November 26, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Estoppel.    Bailment.    Attachment.*

Merely entrusting the possession of a chattel to a third person and permitting
him to use it for many years do not estop the owner from asserting his title
to the chattel against one attaching it as the property of such third person.

TORT against a constable for the alleged conversion of a stamp-
ing press, which the defendant attached in an action against
the C. A. Orcutt Company, a corporation.   Writ in the Munici-
pal Court of the City of Boston dated February 16, 1916.

The evidence at the trial in the Municipal Court and the
findings of the judge are described in the opinion.   The period
during which the press remained in the custody of C. A. Orcutt
and the C. A. Orcutt Company, referred to in the opinion as
"a long period of time," was about thirteen years.   The judge
found for the plaintiff in the sum of $260 and, at the request
of the defendant, reported the case to the Appellate Division.

The Appellate Division made an order that the report be dis-
missed; and the defendant appealed.

*A. E. Yont,* for the defendant.

*E. O. Howard,* for the plaintiff.

CROSBY, J.   This is an action brought to recover for the al-
leged conversion of a stamping press by the defendant, a consta-
ble, who attached it by virtue of a writ which issued out of the
Municipal Court of the City of Boston, in which F. E. Simpson
and others were named as plaintiffs and the C. A. Orcutt Com-
pany as defendant.

The judge of the Municipal Court found that the press was
purchased by the plaintiff in this action in 1892; that he made
the last payment upon it in 1895; that it was used by him as a
part of the equipment of a stamping plant carried on by him until
he sold the business to his brother, but the press in question was
excepted from the sale; that later the plaintiff's brother sold the

business to his son, C. A. Orcutt, and it afterwards was incorporated under the name of the C. A. Orcutt Company.

The judge further found that the plaintiff allowed the press to be used in the business up to the time of the attachment by the defendant; that the plaintiff "was to have access to it [the press] at any time. C. A. Orcutt paid him $40 for the use of it, and paid for the insurance, it being insured in the name of Frank E. Orcutt up to the time of the attachment;" that in 1906 Charles A. Orcutt mortgaged the property used in the business but excepted therefrom the press in question, and that the ownership in the press remained in the plaintiff.

The judge further found as follows: "I find no reason to believe that the plaintiff in the suit in which the attachment was made extended credit to C. A. Orcutt or the C. A. Orcutt Company because of the presence of the press on the premises. I find that there was no fraud practised by either Frank E. Orcutt, C. A. Orcutt or the C. A. Orcutt Company in the matter of title to this press."

Upon this record it does not appear as matter of law that the plaintiff by his conduct is estopped from asserting his ownership in the property. It is well settled that merely entrusting a third person with the possession of personal property is not holding him out as owner, and creates no estoppel as against the real owner. *Rodliff* v. *Dallinger*, 141 Mass. 1. *Stiff* v. *Ashton*, 155 Mass. 130. *Commercial National Bank* v. *Bemis*, 177 Mass. 95. *Rogers* v. *Dutton*, 182 Mass. 187, 189. For a collection of cases see 16 Cyc. 773–776.

Although the plaintiff permitted the use of the press in the business for a long period of time, there is nothing in the report sufficient to show that he did, or omitted to do, anything which requires a ruling that he is estopped from asserting his ownership in the property. The cases cited and relied on by the defendant are plainly distinguishable from the case at bar.

As no error of law appears in the report, the entry must be

*Order dismissing report affirmed.*