ADOLPH KOSKI *vs.* ARTHUR M. HASKINS.

Franklin. September 22, 1920. — October 14, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Conversion. Evidence,* Of ownership, Relevancy and materiality, Of value. *Damages,* In tort. *Warehouseman. Officer.*

At the trial of an action of tort against a deputy sheriff for the conversion of onions which he had attached upon a writ in an action against a third party, evidence is not admissible of statements made by that third party, not in the presence of the plaintiff, tending to show that he owned the onions.

At the trial of the action above described, testimony of the defendant, called by the plaintiff, that, as deputy sheriff, he had sold the onions six days after the attachment, was admissible; testimony by him that, shortly before the sale, a demand was made upon him for the onions by the plaintiff's attorney, although admissible in the discretion of the trial judge, was immaterial, as proof of a demand after the attachment was not essential to the maintenance of the action; and evidence of the price at which the onions were sold at the sale six days after the attachment was competent as bearing upon the market value of the onions at the time of their attachment.

At the trial of an action of tort for conversion against a deputy sheriff, who had attached, in an action against a third person, onions of which the plaintiff claimed ownership and which, when attached, were stored in a warehouse, testimony by the warehouseman is admissible, independently of entries in his books, if he kept any, that the plaintiff had made the arrangements with him for the storage of the onions.

The measure of damages to be awarded to the plaintiff in an action against a deputy sheriff for an unlawful attachment of onions of the plaintiff upon a writ in an action against a third person is the value of the onions at the time of the attachment, although six days after the attachment and after the plaintiff had demanded the onions of him the defendant sold the onions as perishable property for a price greater than their value at the time of the attachment.

TORT against a deputy sheriff for the conversion of onions. Writ dated August 2, 1919.

In the Superior Court the action was tried before *Callahan,* J. Material evidence and exceptions saved by the parties are described in the opinion. There was a verdict for the plaintiff in the sum of $1,822.39; and both parties alleged exceptions.

*H. E. Ward,* for the plaintiff.

*W. A. Davenport,* (*C. Fairhurst* with him,) for the defendant.

CROSBY, J. This is an action of tort for the conversion of five

hundred and seventy-two cases or bags of onions. The property was attached by the defendant, a deputy sheriff, on February 27 and February 28, 1919, on two writs in actions against Stanley Puhelski alias Pokolski, and, because of the perishable nature of the onions, they were duly sold by the officer on March 5, 1919. The action was tried before a judge of the Superior Court with a jury, and a verdict returned for the plaintiff in the sum of $1,822.39.

The case is before us on exceptions taken by the plaintiff and by the defendant to the admission and exclusion of testimony, and to certain rulings and refusals to rule by the trial judge. The evidence was conflicting as to the ownership of the property attached; that offered by the defendant, if believed, would have warranted the jury in finding that it belonged to Pokolski; but they were not bound to believe that testimony. *Lindenbaum v. New York, New Haven, & Hartford Railroad,* 197 Mass. 314. *Cohen v. Longarini,* 207 Mass. 556, 558.

The defendant offered to show that, before the attachments were made, Pokolski had made statements to the effect that he was the owner of the onions, that he had attempted to sell some of them, and that he kept them in the place where they were stored in his brother's name because he was afraid they would be attached by a creditor. These, and other statements alleged to have been made by him, were not claimed to have been made in the presence of the plaintiff, and were rightly excluded; Pokolski was not a party to the action, his declarations were those of a third person, and the plaintiff was not bound by them. *O'Brine v. McNulty,* 122 Mass. 474. *Oberlander v. Carstens,* 151 Mass. 18. *Rice v. James,* 193 Mass. 458, 463.

The testimony of the defendant, called to testify by the plaintiff, that as deputy sheriff he sold the onions, was properly admitted; the exception thereto is overruled.

His testimony that a demand was made by the plaintiff's attorney upon him for the onions shortly before the sale, although admissible in the discretion of the judge, was immaterial, as no demand was necessary.

There was evidence of the market value of the onions on the dates on which they were attached; and it appeared that between that time and March 5, 1919, when they were sold at auction,

the market price fluctuated and materially increased. The court admitted, subject to the defendant's exception, the amount received for the onions at the sale, which was $2,260, a sum in excess of the verdict. This evidence, although not conclusive, was competent, as bearing upon the market value at the time of the attachment, and the jury were so instructed. *Kent* v. *Whitney,* 9 Allen, 62. *Baker* v. *Seavey,* 163 Mass. 522, 528. *Atherton* v. *Emerson,* 199 Mass. 199, 210.

When attached, the property was stored upon the premises of one Barowski. He was allowed to testify, subject to the defendant's exception, that the plaintiff had made arrangements with him for such storage. The contention of the defendant is that the onions were stored in a warehouse maintained by Barowski, and that, as warehouseman, his books were the best evidence as to who made arrangements for the storage. This evidence was admissible independently of the entries in Barowski's books, if he kept any, which did not appear. Accordingly the exception cannot be sustained. As none of the exceptions taken by the defendant disclose any error, they must be overruled.

The single question raised by the plaintiff's exceptions relates to damages only. He requested a ruling that the measure of damages was the fair market value of the onions on March 5, 1919; the court refused to so rule and instructed the jury that the measure of damages was the fair market value of the onions at the time they were attached by the defendant on February 27 and 28, 1919, with interest thereon from those dates; that in determining such value they should take into consideration the condition of the market between February 27 and March 5 inclusive, and the price for which the onions were sold on the last named date. The instructions given were correct. The rule is well settled that the measure of damages in an action for conversion is the market value of the property at the time of the conversion, and interest from that time. *Kennedy* v. *Whitwell,* 4 Pick. 466. *Parks* v. *Boston,* 15 Pick. 198. *Johnson* v. *Sumner,* 1 Met. 172, 179. *Clapp* v. *Thomas,* 7 Allen, 188. *East Tennessee Land Co.* v. *Leeson,* 183 Mass. 37, 41. *Pierce* v. *O'Brien,* 189 Mass. 58. *Bailey* v. *Agawam National Bank,* 190 Mass. 20.

The plaintiff contends that, although the property had been attached by the defendant and was in his hands, his refusal to

deliver it to the plaintiff after demand and its subsequent sale amount to a present conversion, and that he is entitled to rely on that conversion as the time when his damages accrued. We are unable to agree with this contention. The act of the defendant in attaching the property and taking possession of it was an exercise of dominion and control which made him liable without any demand for its return. *Pierce* v. *Benjamin,* 14 Pick. 356, 360. *Baker* v. *Lothrop,* 155 Mass. 376. *Robinson* v. *Way,* 163 Mass. 212. It was said by Mr. Justice Devens, in *Edmunds* v. *Hill,* 133 Mass. 445, at page 446: "Demand and refusal are never necessary, except as furnishing evidence of an unlawful taking or detention against the rights of the true owner, in an action of replevin, or of an unlawful conversion, in an action of trover."

Whatever may be the rule in some jurisdictions, it is well settled in this Commonwealth that although the market value of property attached fluctuated and increased in value between the dates of its attachment and sale, that does not entitle the plaintiff to recover the increased price in a case of this kind, but that the market value at the date of the attachment, with interest, is the measure of damages. *Kennedy* v. *Whitwell, supra.* *Pierce* v. *Benjamin, supra.* *Stone* v. *Codman,* 15 Pick. 297. *East Tennessee Land Co.* v. *Leeson, supra.* *Bailey* v. *Agawam National Bank, supra.*

The cases cited by the plaintiff do not sustain his contention, but are distinguishable in their facts, or in the remedy sought to be enforced. See *Henshaw* v. *Bank of Bellows Falls,* 10 Gray, 568; *Fisher* v. *Brown,* 104 Mass. 259; *Fowle* v. *Ward,* 113 Mass. 548; *Hayward* v. *Leeson,* 176 Mass. 310.

It results that both the plaintiff's and the defendant's exceptions must be overruled.

*So ordered.*