## NEW ENGLAND ROAD MACHINERY COMPANY *vs.* THE QUINCY OIL COMPANY.

Norfolk.    February 6, 7, 1935. — March 26, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Conversion. Mortgage,* Of real estate: foreclosure.

The provision of G. L. (Ter. Ed.) c. 244, § 14, that when a mortgage of real estate is foreclosed after notice in the statutory form "the premises shall be deemed to have been sold . . . subject to . . . all . . . liens or claims in the nature of liens, and existing encumbrances of record created prior to the mortgage," whether or not they are referred to in the foreclosure deed, relates only to real estate.

Where one as conditional vendor was entitled to possession of certain machinery located on land of the vendee, and a mortgage of the land, an affidavit of a sale in foreclosure of the mortgage, at which the mortgagee purchased the premises, and the foreclosure deed each contained a description of the land followed by the statement, "together with all fixtures and machinery located thereon," and the mortgagee as purchaser took possession of the land and the machinery, it could not be said that the mortgagee did not purport to sell the vendor's interest in the machinery, but only the vendee's interest therein; the mortgagee, as against the vendor, converted the machinery.

Inasmuch as the mortgagee's possession of the machinery in the circumstances above described began with an act of conversion, no demand and refusal were necessary as conditions precedent to the maintenance of an action for conversion by the vendor against the mortgagee.

TORT.    Writ dated November 27, 1929.

The action was tried in the Superior Court before *Morton*, J.    Material evidence is stated in the opinion.    The judge denied a motion by the defendant that a verdict be ordered in its favor, and refused certain rulings requested by the defendant, which pertained to points of law discussed in the opinion.    There was a verdict for the plaintiff in the sum of $11,900.33.    The defendant alleged exceptions.

*G. W. Abele,* for the defendant.

*J. H. Devine,* (*J. F. Groden* with him,) for the plaintiff.

QUA, J.    On May 14, 1929, the plaintiff was the conditional vendor entitled to possession of certain machinery

connected with a stone crushing plant located on land of Nelson Brothers, the conditional vendees. *Quincy Oil Co.* v. *New England Road Machinery Co.* 274 Mass. 419. The defendant held a mortgage from Nelson Brothers of the real estate where the plant was located, on which it had on March 4 made an entry to foreclose. On said May 14, the defendant foreclosed its mortgage by sale under the power contained therein and itself bought in the property at the sale. The defendant's mortgage, after describing the real estate, read as follows: "Together with all fixtures and machinery located thereon and used in connection with the operation of the sand and gravel pit on Parcel (2) above described." The bill of exceptions states that "The statutory form of foreclosure deed and affidavit of sale were used, wherein the premises were described as in the mortgage, with the foregoing clause, all in quotation marks." The defendant states in its brief that at the time of the sale it came into possession of the land and of all the machinery located on it, and the case seems to have been tried upon the theory that such was the fact.

We have, then, a case where the defendant sold, bought in for itself and took possession of personal property the right of possession of which was in the plaintiff. The judge correctly instructed the jury that this was a conversion as matter of law. *Blanchard* v. *Child*, 7 Gray, 155. *C. B. Cottrell & Sons Co.* v. *Carter, Rice, & Co. Corp.* 173 Mass. 155, 160. This is not, as the defendant contends, a case where the defendant, rightfully foreclosing a real estate mortgage, happened to find the plaintiff's personal property on the land, but took no active step hostile to the plaintiff's right. *Delano* v. *Curtis*, 7 Allen, 470. The act of purporting to sell and to buy the plaintiff's property was an act of dominion over it and the assertion of a right in the defendant inconsistent with the plaintiff's exclusive right of possession. The case is stronger for the plaintiff than *Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 287 Mass. 357, by which it is governed.

The defendant contends, as we understand it, that it did not purport to sell the plaintiff's interest in the personal

property, but only to sell the interest of the conditional vendees, and therefore that its sale and purchase were not adverse to the plaintiff. It bases this contention upon that part of G. L. c. 244, § 14, wherein it is provided that when real estate is foreclosed after notice in the statutory form "the premises shall be deemed to have been sold . . . subject to . . . all . . . liens or claims in the nature of liens, and existing encumbrances of record created prior to the mortgage," whether or not they are referred to in the deed. But this section itself and its whole context show that these provisions relate only to real estate. They do not apply to the interest of a conditional vendor in personal property. If a mortgagee chooses to accept a real estate mortgage with personal property included in it, he takes the personal property subject to the ordinary consequences, if according to the law governing personal property, he converts it to his own use. The sale was of the property and was not either expressly or by implication of the conditional vendees' interest only. Moreover, in any event the defendant's mortgage of the personal property was not valid against the plaintiff, because not recorded as required by G. L. c. 255, § 1, as amended by St. 1921, c. 233. *Quincy Oil Co.* v. *New England Road Machinery Co.* 274 Mass. 419, 423.

As the defendant's possession began with an act of conversion, no demand and refusal were necessary. *Baker* v. *Lothrop*, 155 Mass. 376, 378. *Koski* v. *Haskins*, 236 Mass. 346, 349. *Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 287 Mass. 357, 360, 361.

The judge was right in denying the defendant's requests for rulings and in refusing to direct a verdict for the defendant.

*Exceptions overruled.*