JURGIS GEORGE GEGUZIS *vs.* BROCKTON STANDARD SHOE
COMPANY & others.

Suffolk.    April 8, 1935. — June 27, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Equity Jurisdiction*, Retention of suit for assessment of damages. *Conversion. Assignment*, For benefit of creditors. *Equity Pleading and Practice*, Appeal. *Joint Tortfeasors.*

If on hearing of a suit for equitable replevin brought in good faith, it appears that the goods sought to be replevied were not in the defendant's possession or control at the time of the filing of the bill or thereafter, the suit nevertheless may be retained for assessment of damages for conversion of the goods by the defendant.

An owner of goods delivered them to a corporation and allowed it to use them, but retained title; later the corporation made an assignment for the benefit of creditors and the assignee, asserting title through the corporation, received possession of the goods from it and sold them. On these facts the owner, without previous demand, could recover against both the corporation and the assignee for conversion of the goods.

One defendant in a suit in equity retained for the assessment of damages sounding in tort had no right of appeal from a decree dismissing the bill as against another defendant, a joint tortfeasor from whom he was not entitled to contribution.

BILL IN EQUITY, filed in the Superior Court on May 2, 1929.

A cross bill by the defendants Wychunas and Winneg against the plaintiff was filed. The suit was referred to a master. By order of *Weed*, J., there were entered an interlocutory decree dismissing the bill as against the defendant Becker without prejudice to the plaintiff's rights against him; and a final decree adjudging that the defendants Brockton Standard Shoe Company, Wychunas, and Winneg converted certain goods, ordering them to pay the plaintiff $4,589.15 and costs, and dismissing the cross bill. The defendants Brockton Standard Shoe Company, Wychunas, and Winneg appealed from such decrees.

*C. G. Willard,* for the defendant Wychunas.

*A. Hurwitz,* (*A. Rosen* with him,) for the defendant Winneg.

*E. H. Fletcher,* (*H. K. Stone* with him,) for the defendant Becker.

*E. M. Shanley,* for the plaintiff, submitted a brief.

QUA, J.  This bill was filed May 2, 1929, to compel the delivery to the plaintiff of certain shoe manufacturing machinery and equipment, in a factory at Brockton, which machinery and equipment are alleged to be the property of the plaintiff and to be so withheld that they cannot be replevied.  G. L. c. 214, § 3 (1).  There is also a cross bill against the plaintiff brought by the defendants Wychunas and Winneg as assignees of the defendant Brockton Standard Shoe Company under an assignment for the benefit of creditors.  The object of the cross bill is to recover for the alleged conversion by the plaintiff of machinery and other property in the same building claimed to have passed to the assignees under the assignment.

Material findings of the master are as follows:  In 1922, the plaintiff was the owner of the factory and of the machinery and equipment contained in it.  He and others caused the defendant corporation Brockton Standard Shoe Company to be organized for the purpose of manufacturing shoes in this factory.  He permitted the corporation to occupy the factory and to use the machinery and equipment.  It was expected that the corporation would buy both the real and the personal property, and a vote was passed by the corporation authorizing such purchase.  Pursuant to the vote, the corporation took title to the real estate and gave the plaintiff a mortgage back thereon for a part of the purchase price, but failed to make the cash payment required by the terms of the purchase, and the plaintiff never conveyed the personal property to the corporation.  The corporation continued to use the real and personal property in its business until it made the assignment of all its assets April 15, 1929, to the defendants Winneg, Wychunas and Becker.  All three assignees accepted the assignment, and on or about said April 15 Winneg

and Wychunas took physical possession of all the property contained in the building, but Becker did not take possession and shortly afterwards he assigned his title under the assignment to the other two assignees and took no further part in the assignment. On or about May 2, 1929, which was the day on which the bill was filed, the plaintiff foreclosed his mortgage on the real estate, bought it himself at the sale and thereafter, on either May 2 or May 3, entered and caused the building to be fastened by padlocks. The plaintiff never parted with title to his personal property. Before beginning suit he made demand upon the corporation for its return and was refused. Part of it "has been diverted from said premises," and its present whereabouts is unknown to the plaintiff. The plaintiff "is entitled to recover" the missing property.

The master found from subsidiary findings of fact aided by permissible inferences what the articles were which had been "diverted" and that their value was $3,420.65. In the Superior Court a final decree was entered in favor of the plaintiff against the defendants Brockton Standard Shoe Company, Wychunas and Winneg for the payment of that sum with interest and dismissing the cross bill.

There are no findings by the master to the effect that the defendants or any of them had, when the bill was filed or subsequently thereto, actual possession and control of the articles which were missing and were secreting and withholding the same, nor do we think that under the circumstances of this case we should infer that such was the fact. It is consistent with the facts found that these articles had been sold or disposed of by the assignees after they took possession on or about April 15 and before May 2. The plaintiff has therefore failed to establish facts essential to equitable relief by way of a decree for the return of specified property. G. L. (Ter. Ed.) c..214, § 3 (1). *Travis* v. *Tyler*, 7 Gray, 146.

But there are adequate findings to show that the defendants Wychunas and Winneg converted to their own use property of the plaintiff by taking physical possession of it, together with property of the corporation, under an assign-

ment which conveyed no title to the plaintiff's property. A few days later they had an inventory made "with a view of disposing of the property." Assuming as we must that the master's findings of facts are correct, we agree with the trial judge in drawing the inference that it was the defendant assignees who in fact did dispose of the missing articles after they took possession and before the plaintiff entered upon the premises. This was an assertion of dominion over the plaintiff's property. *Gilmore* v. *Newton,* 9 Allen, 171. *Dugan* v. *Nichols,* 125 Mass. 576. *McPartland* v. *Read,* 11 Allen, 231. *Westheimer* v. *State Loan Co.* 195 Mass. 510. *Lancaster* v. *Stanetsky,* 221 Mass. 312. *Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 287 Mass. 357. *New England Road Machinery Co.* v. *Quincy Oil Co.* 290 Mass. 242. It was followed up shortly afterwards by asserting title in the answers filed to this suit and in the cross bill. No demand upon the assignees was necessary, for their possession was never rightful but began with an act of conversion. *Riley* v. *Boston Water Power Co.* 11 Cush. 11. *Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 287 Mass. 357. *New England Road Machinery Co.* v. *Quincy Oil Co.* 290 Mass. 242. We think the defendant corporation is also liable for conversion, as it appears by fair inference that it delivered over to its assignees property of the plaintiff as part of its plant. The permission which the corporation had to use the plaintiff's property did not carry with it permission to turn over its possession to others in this way. *Goell* v. *Smith,* 128 Mass. 238.

It fairly appears that when the plaintiff brought suit he reasonably believed in good faith that he was entitled to equitable relief on the allegations of his bill. When, after hearing, it was found that such relief could not be granted, the judge properly entered a final decree against the defendants Brockton Standard Shoe Company, Wychunas and Winneg for damages for the conversion. *Reynolds* v. *Grow,* 265 Mass. 578, 580, and cases cited.

There is no support in the findings for the contention that the plaintiff is estopped from asserting his ownership

of the articles in question. The elements necessary to make out estoppel are not shown. *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286, 291. *Orcutt* v. *Gast,* 231 Mass. 305. See *Gilson* v. *Nesson,* 208 Mass. 368.

Whether the decree dismissing the bill as to the defendant Becker was correct need not be determined. The plaintiff alone was interested in the question whether Becker should remain a party. The plaintiff has not appealed. At least in a case like this, which has come down to a matter of damages for conversion, where joint tortfeasors have no remedy by way of contribution, one cannot insist that another remain a party. *D'Almeida* v. *Boston & Maine Railroad,* 209 Mass. 81, 87. *Old Colony Street Railway* v. *Brockton & Plymouth Street Railway,* 218 Mass. 84, 90. *Boott Mills* v. *Boston & Maine Railroad,* 218 Mass. 582, 592. *George W. Gale Lumber Co.* v. *Bush,* 227 Mass. 203. The defendants who have appealed were not parties aggrieved by the dismissal of the bill as to Becker. G. L. (Ter. Ed.) c. 214, § 19. *Finer* v. *Steuer,* 255 Mass. 611, 617.

The dismissal of the cross bill was not error, as there are no findings by the master as to what, if any, personal property not belonging to the plaintiff was retained by him in the factory when he took possession and put on the padlocks on or about May 2. It is unnecessary to determine whether the filing of a cross bill was proper practice under Equity Rule 6 (1926), 252 Mass. 602. See now Rule 32 of the Superior Court (1932).

We have carefully examined the interlocutory decrees which have been appealed from in so far as they relate to matters which can in any way affect the result of the case and find no error in them.

No objection in writing was brought in to the exclusion by the master of testimony of Wychunas as to what he found in the building nearly four years after May 2, 1929. Rule 90 of the Superior Court (1932). *Commissioner of Banks* v. *Tremont Trust Co.* 267 Mass. 331, 337. We do not intimate that this evidence was not properly excluded.

The judge correctly based the sum named in the final decree upon the findings made by the master. The master

finds that on July 15, 1922, the plaintiff was the owner of the property described in the bill of sale from Tamulevicz *et al.* dated July 6. The machines held on lease and not conveyed in the bill of sale were nevertheless "described" therein, and there is nothing to contradict or control the finding that the plaintiff owned them on July 15.

The interlocutory decrees are affirmed. The final decree is affirmed with costs to the plaintiff against the defendants Brockton Standard Shoe Company, Wychunas and Winneg.

*Ordered accordingly.*