ATLANTIC FINANCE CORPORATION *vs.* LEOPOLD GALVAM.

Suffolk.    November 10, 1941. — February 25, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Conversion. Attachment. Bailment.*

A consignor of goods for sale for his benefit, entitled to immediate possession thereof under the terms of the consignment, may maintain an action for their conversion.

An attachment by an officer of personal property of a person not named in a writ under which he purports to act is a conversion as soon as made; no demand is necessary before bringing an action therefor.

An action against an officer for conversion of personal property through attachment upon a writ against one who had no interest therein could be maintained without a demand and statement of account under §§ 74, 75, of G. L. (Ter. Ed.) c. 223, by the owner entitled to possession although he had had a mortgage thereon before he acquired title.

TORT for conversion of automobiles. Writ in the Superior Court dated September 20, 1940.

The case was heard by *Walsh*, J., who found for the defendant.

*S. T. Lakson*, for the plaintiff.

*F. E. Smith*, for the defendant, submitted a brief.

QUA, J. The conversion complained of arose out of the attachment at Fairhaven on September 20, 1940, of five automobiles by the defendant, a deputy sheriff, on a writ against one George Epstein. There was evidence from which, if believed, a finding would have been warranted that these automobiles had been purchased by the plaintiff's agent with the plaintiff's money and later, at the plaintiff's direction, delivered to Heap Motors Inc. on consignment for sale for the plaintiff's benefit under a written agreement dated September 16 wherein it was provided that the plaintiff could at any time remove the automobiles from the custody of Heap Motors Inc. upon presentation of its "duly authorized receipt" for them. The attachment was made at the premises of Heap Motors Inc. Findings could have been made that the plaintiff was the owner of the automobiles and was entitled to immediate possession of them. A bailor entitled to possession may maintain an action for conversion. *Belli* v. *Forsyth*, 301 Mass. 203, 204, 205. Am. Law Inst. Restatement: Torts, § 225. Compare *Raymond Syndicate* v. *Guttentag*, 177 Mass. 562.

The plaintiff's exceptions are directed in various forms to the rulings of law contained in this statement by the trial judge, "I find and rule that no due and proper demand was made on the defendant by the plaintiff and that under the circumstances he [defendant] as attaching officer was entitled to more than a mere claim orally stated, and that the plaintiff is not entitled to prevail." The fundamental error contained in this statement consists in the assumption or ruling that the plaintiff could not maintain this action for conversion without first making a demand upon the defendant. A demand is a necessary preliminary to an action for conversion where the defendant's possession is not wrongful in its inception and demand and refusal are

required to put him in the position of a wrongdoer.  But the action may be maintained without previous demand where the defendant's assumption of dominion over the property was wrongful from the beginning, so that the conversion was complete without the demand.  *Gilmore* v. *Newton,* 9 Allen, 171, 172.  *Edmunds* v. *Hill,* 133 Mass. 445, 446, 447.  *Baker* v. *Lothrop,* 155 Mass. 376, 378.  *Marcotte* v. *Massachusetts Security Corp.* 250 Mass. 246, 250.  *Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 287 Mass. 357, 361.  *New England Road Machinery Co.* v. *Quincy Oil Co.* 290 Mass. 242, 244.  *Geguzis* v. *Brockton Standard Shoe Co.* 291 Mass. 368, 371.  An attachment by an officer of the property of a person not named in the writ is an unlawful assumption of dominion over the property and a completed conversion as soon as the attachment is made.  No demand is necessary before bringing the action.  *Koski* v. *Haskins,* 236 Mass. 346, 349.  *Malden Center Garage, Inc.* v. *Berkowitz,* 269 Mass. 303, 306.  *Massachusetts Lubricant Corp.* v. *Socony-Vacuum Oil Co. Inc.* 305 Mass. 269, 271, and cases cited.

The fact that the plaintiff had a mortgage on one of the automobiles before it acquired the title (if it did acquire title) did not require it to make a demand as mortgagee under G. L. (Ter. Ed.) c. 223, §§ 74, 75, before bringing the action.  The plaintiff is not now claiming as mortgagee but is claiming as the owner entitled to possession.  Moreover, the statute has "no application to an attachment of mortgaged property in a suit against a person who has no interest in it."  *Ashcroft* v. *Simmons,* 159 Mass. 203, 205.

Because the rulings were erroneous and may have brought about the decision, the entry must be

*Exceptions sustained.*