MANHATTAN CLOTHING CO. INC. *vs.* SIDNEY M. GOLDBERG
& another.

Suffolk.   January 6, 1948. — March 3, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILLIAMS, JJ.

*Sale*, Transfer of title.   *Conversion.   Damages*, For tort.

Evidence that, after receiving from the Federal war production board an unassignable priority authorizing purchase of specified goods from a specified manufacturer, a corporation ordered the goods through one known by the manufacturer to be its authorized agent;  that the manufacturer knew that the corporation held the priority;  that the order was numbered and named the carrier for delivery;  that the manufacturer delivered the goods to that carrier under invoices referring to the order number;  but that the agent procured the delivery of the goods to himself and thereafter asserted dominion over them, warranted findings that title passed to the corporation on delivery to the carrier, and that the agent's conduct constituted a tortious taking, precluding the necessity of a demand by the corporation before the bringing of an action by it against him for conversion.

A request, at the trial of an action for conversion of linings, that damages be limited to the fair market value of the goods converted, properly was refused where there was evidence of special damage in that the plaintiff was a manufacturer of men's coats and, as a result of the conversion, was obliged to stop work because of a lack of necessary linings.

TORT.   Writ in the Municipal Court of the City of Boston dated April 15, 1946.

The action was heard by *Barron*, J.

*J. H. F. Calver*, for the defendant Goldberg.

*J. F. Sullivan*, for the plaintiff.

WILLIAMS, J.   This is an action of tort brought in the Municipal Court of the City of Boston for the conversion of four thousand six hundred ninety-five and one half yards of rayon linings.   The plaintiff is Manhattan Clothing Co. Inc., formerly, before change of name, Goldberg & Rich Co. Inc., a corporation engaged in the manufacture of men's coats at 101 Albany Street, Boston.   The defendants are Sidney M. Goldberg, formerly president of the corporation, and Josephine Paronich, its bookkeeper.   There was a find-

ing for the defendant Paronich, and for the plaintiff against the defendant Goldberg in the amount of $2,880. A report to the Appellate Division having been dismissed, the defendant Goldberg's appeal from the order of dismissal brings the case here.

The report states the evidence to be substantially as follows. In October, 1945, as a result of an application made in its behalf by Goldberg, the corporation received from the war production board a limited priority authorizing it to purchase eleven thousand two hundred twenty-five yards of rayon linings from three specified manufacturers. Under this authorization the corporation ordered five thousand yards of linings from William Skinner & Sons of New York city (hereinafter called Skinner), one of the three named manufacturers. The order was numbered 8,281 and referred to "Ry Ex" (Railway Express) as the carrier for shipment. Rayon linings in accordance with the colors, matching samples and quantity of linings so ordered to the amount of four thousand six hundred ninety-five and one half yards were shipped "via Railway Express" by Skinner from New York under dates of November 20, 21, 23, and December 4, 28 and 29. The invoices covering these shipments were addressed to Sidney M. Goldberg & Co., 101 Albany Street, or to Sidney M. Goldberg, 101 Albany Street, and referred to order number 8,281. Deliveries of the three November shipments were first made at the place of business of the plaintiff, 101 Albany Street, and at the request of Goldberg were redirected by Paronich to 72 Harrison Avenue. The three December shipments were originally delivered at 72 Harrison Avenue. During the fall of 1945 Goldberg had been engaged in some work on his own account at this latter address. He had been planning to leave the plaintiff in order to start in business for himself, and did leave on January 4, 1946, when a new corporation, Sidney M. Goldberg Co., organized by him was chartered. All of the linings in the November and December shipments were taken by Goldberg for his personal use or came under his control. He paid Skinner $1,480.10 for them with his personal checks. The plaintiff, except through the knowl-

edge of Goldberg and Paronich, was not aware of the delivery of these linings in Boston until after January 4, 1946. After the earlier deliveries Goldberg telephoned Skinner to change the address to which future shipments were to be made from 101 Albany Street to 72 Harrison Avenue. On January 15, 1946, the plaintiff was obliged to stop work because of the lack of necessary linings. Some "free" linings which could be purchased without authority from the war production board were in the market, but were not obtainable by the plaintiff.

Certain requests for rulings of law were filed by the defendant Goldberg. Requests 1 and 3 asking the judge to rule that as matter of law the finding should be for the defendant Goldberg and that there was not sufficient evidence to justify a finding for the plaintiff were denied. Request 4 asked a ruling that there was no evidence of acceptance or receipt by the plaintiff of the goods in question. The judge ruled "there is evidence of a legal acceptance." Requests 6 and 7 asking rulings that there was not such allocation of the goods to the plaintiff's order as would give the plaintiff title or right to possession were denied. Request 10 read, "In the absence of a tortious taking by the defendant, an action for conversion cannot be maintained without proof of a demand by the plaintiff for the return of the goods allegedly converted and a refusal to do so by the defendant." The judge found "there was a tortious taking." Request 11 sought a ruling that there was no exercise of dominion by the defendant over the goods. This was denied. Finally, request 17 asking that the damages be limited to the fair market value of the goods was denied.

Ordinarily, when an order is given for goods to be shipped by carrier, it is presumed as a fact that the parties, both buyer and seller, intend that title to the goods shall pass when the seller allocates the goods to the order and delivers them to the carrier at the place of shipment. *Fechteler* v. *Whittemore*, 205 Mass. 6. *Barrie* v. *Quinby*, 206 Mass. 259. *Twitchell-Champlin Co.* v. *Radovsky*, 207 Mass. 72, 75. *John B. Frey Co. Inc.* v. *S. Silk, Inc.* 245 Mass. 534. *Daniel*

*Gage, Inc.* v. *Kimball,* 288 Mass. 413, 420. The judge could have found that it was intended both by the plaintiff and by Skinner that the plaintiff should take title when the goods, in compliance with the plaintiff's order, were delivered to the Railway Express in New York. *Daniel Gage, Inc.* v. *Kimball,* 288 Mass. 413. While the direction of the December shipments to 72 Harrison Avenue is some evidence that Goldberg or Sidney M. Goldberg & Co. was the intended consignee, *St. John Brothers Co.* v. *Falkson,* 237 Mass. 399, 402; *Rosenbush* v. *Bernheimer,* 211 Mass. 146, 149, it is not necessarily controlling, and it could have been found that the invoices to Goldberg were addressed to him only as an agent of the plaintiff. Skinner through its agents knew that Goldberg had been the plaintiff's "outside man" in charge of the receipt and shipment of goods. It also knew that the plaintiff and not Goldberg had the unassignable priority authorization. A finding of immediate right to possession of the goods would logically follow a finding that title passed to the plaintiff on delivery by Skinner to the carrier. Exercise of dominion over the goods by their receipt, in the circumstances, would constitute a conversion by Goldberg. *New England Road Machinery Co.* v. *Quincy Oil Co.* 290 Mass. 242. *Geguzis* v. *Brockton Standard Shoe Co.* 291 Mass. 368. *Massachusetts Lubricant Corp.* v. *Socony-Vacuum Oil Co. Inc.* 305 Mass. 269. There was evidence that Goldberg, as a consequence, first, of his request to Paronich and, second, of his telephone call to Skinner, received all of the goods shipped by Skinner on the plaintiff's order. No demand previous to the bringing of this action was necessary as Goldberg's "assumption of dominion over the property was wrongful from the beginning, so that the conversion was complete without the demand." *Atlantic Finance Corp.* v. *Galvam,* 311 Mass. 49, 51.

As to the requested ruling on the measure of damages, it is true that for a conversion the plaintiff ordinarily is entitled to recover the fair and reasonable market value of the property with interest from the time of conversion. *Jackson* v. *Innes,* 231 Mass. 558. *Koski* v. *Haskins,* 236

Mass. 346. But where there is evidence of special injury, such as interruption of a business, further damages may be awarded. *Costa* v. *Goldenberg*, 258 Mass. 264. *Whitcomb* v. *Reed-Prentice Co*. 262 Mass. 348, 359. *Potier* v. *A. W. Perry, Inc*. 286 Mass. 602, 606. Restatement: Torts, § 927. See *Weston* v. *Boston & Maine Railroad*, 190 Mass. 298, 300; *Orbach* v. *Paramount Pictures Corp*. 233 Mass. 281.

There was no error in the denial of any of the requests.

*Order dismissing report affirmed.*