WALTHAM DOOR & WINDOW CO., INC. *vs.* S. A. WOODS
MACHINE COMPANY.

Suffolk. February 6, 1961. — March 31, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Sale,* Transfer of title, Risk of loss, Conditional sale. *Equity Pleading and Practice,* Declaratory proceeding.

An order for a machine given by a prospective buyer, which was typed on the seller's printed form of conditional sale contract, was signed by the buyer but not by the seller, and specified that a certain amount of the total price should be "Cash with order; balance to be paid when . . . machine is ready for delivery," and which was acknowledged by the seller on a printed form repeating the details of the order, was properly found in the circumstances not to be intended as a contract for a conditional sale but for a "consummated sale," and where it appeared that in sequence the machine was delivered to the buyer, a check for the balance of the price was given to the seller, the machine was destroyed by fire, and the check was paid, title to the machine and risk of its loss were in the buyer at the time of the fire; provisions in the printed form of conditional sale contract respecting the seller's retention of title "until fully paid . . . in cash" and keeping insurance "for the protection of the . . . [seller] only" were not part of the contract and conferred no rights on the buyer. [337–338]

In a suit in equity presenting a proper case for declaratory relief under G. L. c. 231A, the bill should not be dismissed where the result on the merits is adverse to the plaintiff, but a declaratory decree accordingly should be entered. [338]

BILL IN EQUITY filed in the Superior Court on November 21, 1958.

The suit was heard by *Good, J.,* on a master's report.

*Philander S. Ratzkoff,* for the plaintiff.

*Alan L. Lefkowitz,* for the defendant.

WHITTEMORE, J. The final decree in the Superior Court dismissed the plaintiff's bill in equity for a declaration of rights under a sale contract with the defendant. The facts are found in a master's report which includes the contract documents.

The order was dictated at the defendant's office in Boston on December 2, 1957, and was thereupon typed on the defendant's printed form of conditional sale contract and signed for the plaintiff by its president and treasurer, but was not executed by the defendant. The execution by the plaintiff was witnessed by C. A. Guild, the defendant's assistant treasurer, and by one Murphy, hereinafter referred to. The typing inserted in the form described the machinery, specified the price and method of payment as "Nineteen Thousand Three Hundred Five and 00/100 Dollars . . . $1,000.00 Cash with order; balance to be paid when notified machine is ready for delivery, less 2% Cash Discount," and stated the destination as "Ashland, Maine," and the method of shipment as "Customer's Truck." Typed words read with immediately preceding printed words (the print is emphasized in the following quotation) also directed the defendant to *"ship . . . the following Machinery delivered F. O. B., Boston, Mass., about* early January 1958."

James F. Murphy, a dealer in new and second hand machinery, had been brought into the transaction to act as "a conduit for the sale to the plaintiff." This was in order to obtain a 10% dealer's discount. He had done business with both parties. The $1,000 down payment was made by Murphy's check on December 3, 1957. The defendant on that day acknowledged the order to Murphy on its printed form on which the details of the order were repeated as above set out except that the time for shipment was stated as "Soon as possible." This document "formally acknowledge[d]" the "order of December 2, 1957, which has been entered as stated below." The defendant invoiced the machinery to Murphy on January 20, 1958, and the same terms were repeated on the invoice except that the additional 10% discount was stated.

Murphy's check to pay the balance due, after deducting the 10% and 2% for cash in ten days, was forwarded to the defendant on February 4, 1958. This was not within ten days but no question was raised as to the deduction of the 2% discount. The check was received by the defendant on

Saturday, February 8, 1958, deposited in a bank on Monday, February 10, and stamped "paid" on February 12, 1958. The machinery was loaded on the plaintiff's truck in Boston on February 7 and arrived at Ashland, Maine, on Saturday, February 8. The plaintiff had insured the machinery during transit under a transit policy, but "week end difficulties" made abortive the plaintiff's effort to cover it with insurance from and after arrival. On February 10, 1958, at about 4 A.M. fire of unknown origin destroyed the plaintiff's plant and the machine.

The printed portion of the conditional sale form included these provisions: "It is agreed that title to the property mentioned above shall remain in the consignor until fully paid for in cash, and that any notes . . . shall not be considered payments . . . until . . . fully paid in money . . . . It is further agreed that the consignee shall reimburse the consignor for the expense of keeping the property insured at all times, against loss or damage by fire, any acts of God, for the protection of the consignor only in an amount not exceeding that portion of the purchase price remaining unpaid . . . ." The defendant had in effect at relevant times a policy of insurance with the Royal Insurance Company, titled "Location and Installment Sales Form," which provided that "It is agreed that this company shall not be liable for more than $10,000 at any one location by reason of any one fire, except on Patterns on which the company shall not be liable for more than $20,000 at any one location by any one fire."

The master found: (1) the dealer was the nominal purchaser only and the plaintiff is "entitled to the benefits of the contract"; (2) The sale was not intended as a conditional sale "but was a consummated sale upon express terms, and . . . no notes were ever given"; (3) so far as it was a question of fact, the check received by the defendant on February 8, 1958, was in payment of the machine, and the title and risk of loss were upon the plaintiff at the time of the fire; (4) the machine was built and delivered in accordance with the terms of the contract; and (5) so far as it was a question of fact, there was nothing further that

Waltham Door & Window Co. Inc. *v.* S. A. Woods Machine Co.

the defendant was required to do under the contract.

The master's findings were justified. The defendant's omission to sign the conditional sale form, and the form and substance of its acknowledgment, are significant (see *King Features Syndicate, Inc.* v. *Cape Cod Bdcst. Co. Inc.* 317 Mass. 652, 654), and justified the conclusion that this was not a conditional sale and that the provisions in respect of title and insurance were not a part of the contract. The invoice was confirmatory and available to clear the ambiguity, if any. *Yorston* v. *Brown,* 178 Mass. 103, 107. The conduct of the parties in making and receiving payment by check and shipping the machinery without reference to notes or insurance would also be relevant. See *Cetrone* v. *Paul Livoli, Inc.* 337 Mass. 607, 609. Well established principles under the Uniform Sales Act (former G. L. c. 106), in force in Massachusetts prior to October 1, 1958 (see St. 1957, c. 765, § 21), and in Maine (Maine Rev. Sts. c. 185), show that title and risk of loss were in the buyer from and after delivery of the machine into the plaintiff's truck on February 7. See (former) G. L. c. 106, § 20 (1), § 21, Rules 4 (1) and (2), § 24; *Lord* v. *Edwards,* 148 Mass. 476, 477; *Levy* v. *Radkay,* 233 Mass. 29; *John B. Frey Co. Inc.* v. *S. Silk, Inc.* 245 Mass. 534, 541; *Manhattan Clothing Co. Inc.* v. *Goldberg,* 322 Mass. 472, 474–475; Williston, Sales, § 280b, p. 98, n. 12.

We do not reach the plaintiff's contention that it would have rights under the defendant's general insurance policy because of the provision to insure "for the protection of the consignor only" had this provision been a term of the contract.

It was error to dismiss the bill. *Vasilakis* v. *Haverhill,* 339 Mass. 97, 101. The decree should have construed the contract to give the plaintiff no rights in the insurance policy or against the defendant.

The interlocutory decree confirming the master's report is affirmed. The final decree is reversed. A final decree is to enter in accordance herewith, with costs of this appeal to the defendant.

*So ordered.*