*Municipal Court of the City of Boston*
No. 86278
**NATICK TRUST CO.**
v.
**BAY STATE TRUCK LEASE, INC.**
(October 18, 1963—January 16, 1963)

*Present*: Lewiton, J. (Presiding), Roberts & Canavan, JJ.

Case tried to *Shamon, J.*

*Roberts, J.* This is an action of tort for con-

version of a motor vehicle commenced by the plaintiff bank as a secured party under a written security agreement against the defendant corporation who had taken possession of the mortgaged property, as the purchaser at a sherriff's sale.

The case was tried and decided entirely upon facts and related exhibits stipulated to the court by agreement of the parties. The plaintiff has a finding, and the amount of damages found is not in dispute.

The facts follow: On February 21, 1961, Central Motor Sales of Framingham sold a used 1959 Lincoln Continental to one James R. Gray, who executed a "Security Agreement" and note for the unpaid balance due on the transaction in favor of the plaintiff bank. In this agreement the said Gray was designated "Debtor," and the Lincoln Continental was named as the "collateral," and the plaintiff was named as the "secured party." Further, Gray warranted and covenanted on the face of said agreement that "the collateral is bought and used primarily for personal, family or household purposes." Acting on this representation, the plaintiff bank did not file a financial statement of the transaction. See Uniform Commercial Code: G. L. (Ter. Ed.) c. 106, §9-109, (1) ("consumer goods"), and G. L. (Ter. Ed.) c. 106, §9-302 (1) (filing provisions do not apply.)

After the execution of the note and agreement, the debtor Gray took possession of the motor vehicle and registered it with the

Registry of Motor Vehicles for the Commonwealth in the name of J. & R. Gray Movers, Inc. This registration was false for there was no such corporation. Subsequently, as a result of an alleged business debt, the defendant corporation brought an action of contract against the same fictitious corporation in the Municipal Court of the Roxbury District. The plaintiff's collateral was attached and after judgment was, at the defendant's direction, sold at a sherriff's sale to the defendant corporation on January 4, 1962.

Obviously this proceeding was a nullity, and the attachment and sale of the collateral vested no right whatsoever in the defendant corporation. Contrary to the defendant's contention, it never achieved the status of "a subsequent attaching creditor," and the defendant's possession of the motor vehicle was wrongful. Clearly the provisions of G. L. c. 106, §9-307 (2) are not available to the defendant.

There is nothing in the defendant's argument that the plaintiff had no right of possession on January 4, 1962, when the defendant took control of the motor vehicle. By this date the original debtor, Gray, was in default of several provisions of his security agreement including warranty (J) when he illegally registered the motor vehicle in the name of a fictitious corporation. This constituted a default of Gray's obligation, and accordingly, the plaintiff had a right to take posses-

sion of the collateral at the time of the conversion of the motor vehicle. G. L. c. 106, §9-503.

Finally, the trial court was warranted in finding that the collateral was "consumer goods," and that as such the security agreement did not have to be recorded or filed under the exception provided by G. L. c. 106, §9-302. Further, the act of the defendant in selling and buying the plaintiff's collateral was an act of dominion over it, and the assertion of a right in the defendant inconsistent with the plaintiff's exclusive right to possession. Under the circumstances, no proof of demand or refusal was required. *N. E. Road Machinery Co. v. Quincy Oil Co.,* 290 Mass. 242 at 244; *Atlantic Finance Corp. v. Galvin,* 311 Mass. 49 at 51.

Report Dismissed.

Herbert D. Lewis, of Boston, for the Plaintiff.

Robert D. Kilmarx, of Boston, for the Defendant.