SUPERIOR COURT 
 
 RFF FAMILY PARTNERSHIP LP AND SAUGUS DEVELOPER LLC v. SHOPS AT SAUGUS LLC AND TOWN OF SAUGUS

 
 Docket:
 2184CV02747-BLS2
 
 
 Dates:
 February 22, 2024
 
 
 Present:
 Kenneth W. Salinger
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER ON CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT
 
 

 RFF Family Partnership LP (“RFF”) and Saugus Developer LLC (“Developer”) seek to build residential housing on property that RFF owns in Saugus. In order to obtain access to the property from Route 1, RFF and Developer purchased an easement across adjoining land from Shops at Saugus LLC. In exchange for the easement, RFF and Developer paid $275,000 and agreed to swap other land with Shops. The easement conveyed by Shops to Developer turned out to be illusory, however, because Shops had previously entered into a covenant with the Town of Saugus that bars Shops from granting any access to or egress from RFF’s property.
RFF and Developer have sued Shops for breach of contract, fraud, conversion of the $275,000 payment, trespass, and violation of G.L. c. 93A. Shops asserts a counterclaim for breach of contract based on RFF’s failure to consummate the agreed-upon land swap. These parties have filed cross-motions for partial summary judgment.
The Court will allow the partial summary judgment motion by RFF and Developer (except as to their claim for breach of the implied covenant of good faith and fair dealing), and deny the partial summary judgment motion by Shops (except as to the claim against it under the implied covenant).
RFF and Developer are entitled to summary judgment in their favor on their claim and Shops’ counterclaim for breach of contract, as well as on RFF’s claims for conversion and trespass. Since Shops failed to deliver the unrestricted easement that it had promised, it must return the $275,000 payment and is not entitled to enforce the land swap; by contract, Shops must also pay plaintiffs’ reasonable attorneys’ fees. And Shops concedes that it committed trespass by accidentally paving and using a piece of RFF’s property. The claims against Shops for negligent or intentional misrepresentation, fraudulent inducement, and violation of G.L. c. 93A cannot be resolved by summary judgment.
 
                                                                        -1-
 
1. Contract Claims and Counterclaim.
 
1.1. Mitigation Covenant Granted by Shops to the Town of Saugus. In November 2006, Shops granted and conveyed to the Town of Saugus a “Mitigation Covenant” that restricted future use of Shops’ property. In paragraph 1.D, Shops agreed “that it shall not grant access to or egress from Lot A-34, as shown on Saugus Assessors’ Plan 1047 to or from [Shops’] Property to any third party.”
Lot A-34 abuts Shops’ property. RFF became the owner of Lot A-34 in 2011.
Paragraph 1.D of the Mitigation Covenant bars Shops from granting any access to RFF’s property from Shops’ property, or granting any egress from RFF’s property to Shops’ property. It therefore bars Shops from granting to RFF or Developer any easement across Shops property to provide access to or egress from the abutting property owned by RFF.
 
1.2. Shops’ Contracts with RFF and Developer. In January 2020, Shops entered into a written “Agreement” with RFF and Developer, pursuant to which Shops agreed to grant an easement providing unrestricted access across Shops’ property. In exchange, RFF and Developer agreed to swap part of the property they owned for part of Shops’ property, and in addition to pay Shops $275,000.
The first two numbered paragraphs of this Agreement governed the land swap. Paragraph 1 specifies a plot of land that RFF and Developer are required to convey to Shops; paragraph 2 specifies a plot of land that, in turn, Shops is required to convey to RFF.
Paragraph 4 of this Agreement required Shops to “grant to RFF and Developer easements and access” across the portions of Shops’ property shown in an exhibit, and also to execute an Easements and Access Agreement (the “Easement Agreement”) in the form shown in another exhibit. RFF and Developer agreed to pay $275,000 to Shops as consideration for obtaining the specified easement; it is undisputed that they did so. Paragraph 9 provides in part that if Shops fails to grant the specified easement, then (I) Shops must return the $275,000 payment, and (ii) the parties’ obligations under the Agreement shall “terminate and become null and void” and, except as otherwise provided, “each party shall be released and discharged from all further claims and obligations to each other hereunder.” This paragraph further provides that in the event of litigation over an alleged failure by Shops
 
                                                                        -2-
 
to return the $275,000 payment, the prevailing party may recover its reasonable attorneys’ fees and litigation costs.
Paragraph 7 of this Agreement provides that RFF and Developer were responsible for obtaining all permits needed to construct and use the planned Access Road across the Easement, and to obtain or modify all permits previously obtained by Shops, “including, but not limited to … the Mitigation Covenant.” This provision then cites the book and page where the Mitigation Covenant was recorded in the Essex South Registry of Deeds.
At the same time that they entered into the Agreement described above, Shops and Developer also entered into the Easement Agreement that was attached as an exhibit.
Paragraph 2 of the Easement Agreement provides that “Shops grants and conveys to Developer … a perpetual, non-exclusive right and easement … of unrestricted pedestrian and vehicular … access ingress, egress and passage, in upon or over that area shown on the Easement Plan.”
In paragraph 3(B))(iii) of the Easement Agreement, Developer agreed that it was responsible for obtaining “all necessary governmental permits, approvals, and licenses for the construction and use of the Access Road, … and the modification of all existing governmental permits, approvals, and licenses for the Shops Development.” Paragraph 20 provides that Developer may not use its easement from Shops until it has obtained all necessary government permits, approvals, and licenses, and all necessary modifications of existing permits, approvals, and licenses. The Easement Agreement does not mention the Mitigation Covenant.
 
1.3. Shops’ Breach of Contract. The main obligation assumed by Shops when it contracted with RFF and Developer was to “grant to RFF and Developer easements and access” across Shops’ property, so that pedestrians and vehicles could cross Shops’ property in order to obtain access to and egress from RFF’s abutting property.
But Shops had given away that particular stick from its bundle of property rights years earlier, when it entered into a Mitigation Covenant with the Town. Shops gave the Town a restrictive covenant that expressly barred Shops from granting any access to or egress from RFF’s property across any portion of Shops’ property. When a property owner grants to someone else a restrictive covenant on the use of the real estate, the owner conveys a “property interest”
 
                                                                        -3-
 
in the affected parcel. See 135 Wells Avenue, LLC v. Housing Appeals Comm., 478 Mass. 346, 358 (2017). A restrictive covenant may also be referred to as a “negative easement.” Id. at 349 n.7. A restrictive covenant or negative easement grants “the power to prevent” the property owner from using their premises in specified ways. Patterson v. Paul, 448 Mass. 658, 663 (2007) (citation omitted).
Since Shops no longer had the power to grant RFF and Develop an easement across Shops’ property, the “Easement Agreement” that Shops executed was illusory, and Shops was and is in violation of its contractual obligation to grant the easement.
Perhaps Shops could have entered into an Agreement that disclosed its inability to convey any easement to and from RFF’s property, and bound Shops to grant such an easement if and only if RFF and Developer could convince the Town of Saugus to modify or terminate the restrictive covenant that bars Shops from conveying such an easement. But that is not what Shops did. Shops concedes that it never disclosed that the Mitigation Covenant barred Shops from granting an easement to provide access to and egress from RFF’s property. And the Agreement required Shops to go ahead and grant such an easement, which it failed to do.
 
1.4. Remedies. The Agreement that Shops entered into with RFF and Developer provides two remedies for Shops’ breach of its obligation to convey the agreed-upon access easement. First, Shops must return the $275,000 paid by RFF. Second, since RFF is the prevailing party, it has a contractual right to recover its reasonable attorneys’ fees and litigation costs from Shops.
 
1.5. Shops’ Counterclaim for Breach of Contract. The Agreement provides that, since Shops failed to convey the required easement, RFF’s other obligations under the Agreement are null and void. This means, among other things, that RFF has no obligation to carry out the agreed-upon land swap. RFF is therefore entitled to judgment in its favor on Shops’ counterclaim.
 
1.6. RFF’s Implied Covenant Claim. Though RFF and Developer are entitled to summary judgment in its favor as to Shops’ breach of the express terms of their Agreement, Shops’ is entitled to summary judgment on plaintiffs’ claim for breach of the implied covenant of good faith and fair dealing. This implied covenant “pertains to bad faith in the performance of a contract, not in its execution.” Sheehy v. Lipton Indus., Inc., 24 Mass. App. Ct. 188, 194 n.6 (1987). Plaintiffs have mustered no evidence that Shops acted in bad faith in
 
                                                                        -4-
 
performing the contract. That Shops read the contract as allowing it to retain the $275,000 does not establish a lack of good faith or fair dealing.
 
2. Shops’ Conversion of Funds. Shops’ refusal to return RFF’s $275,000 payment is not only a breach of contract; it also constitutes unlawful conversion of RFF’s property. “Conversion is the ‘wrongful exercise of dominion or control over the personal property of another.’ ” Waxman v. Waxman, 84 Mass. App. Ct. 314, 321 (2013), quoting Cahaly v. Benistar Property Exch. Trust Co., 68 Mass. App. Ct. 668, 679 (2007). Conversion can be proved either by showing wrongful acquisition of property or by showing a wrongful refusal to return the property upon demand. See Atlantic Finance Corp. v. Galvam, 311 Mass. 49, 50–51 (1942). Though “[c]onversion occurs only when a defendant exercises wrongful control over specific personal property,” Gossels v. Fleet Nat. Bank, 453 Mass. 366, 372 (2009), the summary judgment record shows that Shops exercised wrongful control over specific funds that it wrongfully refused to repay to RFF.
 
3. Shops’ Trespass. Shops concedes that it unlawfully trespassed on RFF’s property. RFF is entitled to partial summary judgment as to Shops’ liability for trespass. If the parties cannot agree upon a remedy, that will have to be resolved at trial.
 
4. Claims of Fraud or Unfair or Deceptive Conduct by Shops. The claims by RFF and Developer for intentional or negligent misrepresentation, fraudulent inducement, and violation of G.L. c. 93A cannot be resolved on summary judgment. A reasonable factfinder could conclude at trial that Shops’ representation that it could grant an easement to RFF, its failure to disclose that Shops no longer had any power to do so because it had conveyed that property interest to the Town, and Shops’ taking $275,000 from RFF when Shops knew that it could not convey an enforceable easement in exchange constituted fraud as well as an unfair or deceptive act or practice that violated c. 93A.
 
ORDERS
The motion for partial summary judgment filed by Shops at Saugus LLC is allowed in part as to Plaintiffs’ claim in count II for breach of the implied covenant of good faith and fair dealing, and is otherwise denied. The cross- motion for partial summary judgment filed by RFF Family Partnership LP and Saugus Developer LLC is allowed in part as to Plaintiffs’ claims in count I for breach of contract, count V for conversion, and count VI for trespass, and as to
 
                                                                        -5-
 
Defendants’ counterclaim for breach of contract; it is otherwise denied as to Plaintiffs’ claim for breach of the implied covenant.
When final judgment enters, RFF and Developer will be entitled to declarations that: (1) Shops at Saugus LLC (“Shops”) failed to grant the unrestricted easement that it had contracted to provide, therefore Shops must return the $275,000 payment made by or on behalf of RFF Family Partnership LP (“RFF”) and Saugus Developer LLC (“Developer”), and Shops’ refusal to do so constitutes a breach of contract and unlawful conversion of property; (2) once Shops returns the $275,000, its agreement with RFF and Developer becomes null and void, and Shops is not entitled to and may not enforce the land swap previously agreed to by RFF and Developer; and (3) RFF and Developer are entitled by contract to recover the reasonable attorneys’ fees and litigation costs that they incurred to litigate their claims and Shops’ counterclaim for breach of contract.
The parties shall confer in accord with Superior Court Rule 9C and try to reach agreement as to the amount of reasonable attorneys’ fees and costs that plaintiffs are entitled by contract to recover from Shops. If they cannot reach agreement, RFF and Developer shall serve and file a motion seeking an award of attorneys’ fees and costs.
The session clerk shall schedule a final pre-trial conference to discuss trial of all remaining issues and claims, including the appropriate remedy for Shops’ unlawful trespass, Plaintiffs’ claims against Shops for misrepresentation and violation of G.L. c. 93A, and Plaintiffs’ regulatory taking and declaratory judgment claims against the Town of Saugus.